IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF OHIO
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:19CR544 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| EDWIN ORIN | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States, by and through its attorneys, Justin E. Herdman, United States Attorney, and Brian McDonough, Assistant United States Attorney, and hereby submits this memorandum to aid the Court in its sentencing of Defendant Edwin Orin. The United States requests the Court sentence Orin to within the guidelines (0 to 6 months) for his conviction of one count of Theft of Government Property.

I.      BACKGROUND

The facts of Orin's offense are set forth in detail in the Presentence Investigation Report ("PSR"). *See* PSR ¶¶ 7-11, Doc. No. 11. The Government filed a one-count Information as to Orin charging him with Theft of Government Property, in violation of 18 U.S.C. §641, on September 11, 2019. *Id.* ¶ 1.

The Department of Veteran Affairs Office of Inspector General Criminal Investigations Division ("OIG-CID") completed an assessment regarding employees defrauding the Department of Veteran Affairs. *Id.* ¶ 9. Following an internal review, Orin was identified as an employee claiming overtime hours that did not match the hours he actually worked. *Id.* Between August 14, 2016, and February 21, 2018, Orin claimed approximately 886.75 hours of overtime, but only worked 296 hours. *Id.* ¶ 11. In a continuous course of conduct, Orin would

log into the VA network on his personal laptop and then later claim hours for overtime not earned. *Id.* ¶ 11. He would then email his supervisor that his overtime was completed and include a falsified record of the amount of claims he processed during his overtime. *Id.* Orin collected approximately $15,323.52 in overtime from the VA. *Id.* ¶ 10.

On October 7, 2019, Orin plead guilty to the single-count Information pursuant to a written plea agreement. *Id.* ¶ 3.

## II.     APPLICABLE LEGAL STANDARDS

The district court's task is to impose a sentence that is sufficient, but "not greater than necessary" to comply with the factors set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). In determining an appropriate sentence for a defendant, the Court must consider both the applicable guidelines and all of the §3553(a) factors. *Gall v. United States*, 522 U.S. 38, 49 (2007). The sentencing guidelines are advisory, and should be the starting point, and initial benchmark. *Id; see United States v. Thompson*, 515 F.3d 556, 560-61 (6th Cir. 2008). The guidelines are not presumed reasonable on their own and the court must then consider the factors enumerated in §3553(a)(2). *Gall v. United States*, 522 U.S. at 50.

## III.    SENTENCING GUIDELINES COMPUTATION

The Presentence Investigative Report assigns a base level offense level of 6. *See* PSR ¶ 16, Doc. No. 11. A 4-level increase applied for "a loss exceeding more than $15,000 but not more than $40,000. *Id.* ¶ 17. A 2-level reduction applied because Orin has clearly demonstrated acceptance of responsibility for the offense. *Id.* ¶ 23. The PSR assigned Orin a Criminal History Category I. *Id.* ¶ 29. Based on her total offense level, the applicable Guideline imprisonment range for him crimes is 0 to 6 months. *Id.* ¶ 48.

## IV. APPLICATION OF SECTION 3553(a) FACTORS

Under 18 U.S.C. §3553(a), "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of imposing the sentence. 18 U.S.C. §3553(a). To ensure an appropriate sentence is imposed, the statute enumerates four factors for the court to consider when imposing a sentence. The sentence must (A) "reflect the seriousness of the offense . . . promote respect for the law, and . . . provide just punishment for the offense;" (B) adequately deters criminal conduct; (C) "protect the public from further crimes of the defendant;" and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Orin falsely claimed 590.75 hours of overtime over 18 months. From August 14, 2016, to February 21, 2018, he collected $15,323.52.

## V. RESTITUTION

As part of his plea agreement, Orin has agreed to pay full restitution, in the amount of $15,323 to the VA. *See* PSR ¶ 67, Doc. No. 11. Pursuant to 18 U.S.C. §3663A, restitution is due and owing to the Department of Veterans Affairs , Office of Community Care, Ptarmigan Place, Attention: Finance Department/Patricia Almond, 3773 Cherry Creek North Drive, Suite 470, Denver, CO 80209. *Id.* ¶ 67.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   s/Brian McDonough
      Brian McDonough (OH:0072954)
      Assistant United States Attorney
      United States Court House
      801 West Superior Avenue, Suite 400

Cleveland, OH 44113
(216) 622-3965
(216) 522-2403 (facsimile)
Brian.McDonough@usdoj.gov

## CERTIFICATE OF SERVICE

   I hereby certify that on this 22nd day of January 2020 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

   /s/ Brian McDonough
   Brian McDonough
   Assistant U.S. Attorney